UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AVILA VARELA, A-094-301-240, | No.  1:26-cv-1869-DJC-CKD P |
| Petitioner, | |
| v. | FINDINGS & RECOMMENDATIONS |
| WARDEN, GOLDEN STATE DETENTION FACILITY, | |
| Respondents. | |

Petitioner Jose Avila Varela is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636 and the court's order dated March 10, 2026. (ECF No. 6.) The first amended petition, respondent's answer, and petitioner's reply are before the court. (ECF Nos. 14, 16, 17.) For following reasons, the undersigned recommends the petition be granted.

**I.      Background**

Petitioner is a native and citizen of Honduras. (ECF No. 16-1 at 1.) Petitioner was ordered removed to Honduras by an immigration judge on September 26, 2007, and was removed on September 30, 2010. (Id. at 2.) Petitioner re-entered the United States on an unknown date and has resided in the United States for many years since then.

////

1

Under the petition's allegations, petitioner has two children, both born in the United States. (ECF No. 14 at 6.) Petitioner's now-adult daughter is a sailor in the United States Navy for the past six years and is currently deployed to the Middle East. (Id. at 6.) Based on his daughter's ongoing military service, Petitioner is pursuing Military Deferred Action, a program under which DHS has the discretion to defer deportation and issue a work permit for a designated period of time. (Id.) Petitioner has shared custody of his son, age six, with his son's mother. (Id.) Prior to his detention in October 2025, petitioner had been working steadily and made regular monthly child support payments for his son in the amount of $543 monthly. (Id.) Since being detained, petitioner has been unable to make these payments which are critical for his son's well-being because his son's mother depends on that source of income for their son. (Id. at 6-7.)

The parties dispute the nature of petitioner's criminal history in the United States, with respondents asserting petitioner has a "lengthy criminal history" and pending charges. (ECF No. 16 at 2-3.) In contrast, petitioner argues and submits evidence that the government has identified only one still-valid conviction for a misdemeanor offense of reckless driving under the influence which occurred 16 years ago. (ECF No. 17 at 3, 7-10.)

Petitioner was detained by ICE on October 20, 2025, and has not been provided a bond hearing at any time to determine whether his detention is justified based on his being a danger or a flight risk. (ECF No. 16-1 at 2-3; ECF No. 14 at 7.) He asserts he is being held in punitive, jail like conditions that are negatively affecting his physical, emotional, and mental health. (ECF No. 14 at 7.)

On November 4, 2025, petitioner had a hearing before the immigration court, which determined he had "established a reasonable possibility that [he] would be persecuted on the basis of a protected ground, or a reasonable possibility that [he] would be tortured in the country of removal." (ECF No. 16-5 at 1.) Petitioner was placed in "withholding-only" proceedings and a hearing to determine whether he can be deported to Honduras is scheduled for June 8, 2026. (Id.)

Proceeding pro se, petitioner initiated this case on March 9, 2026. (ECF No. 1.) The court appointed counsel, who filed a first amended petition on April 8, 2026, seeking relief under the Due Process Clause of the Fifth Amendment. (ECF No. 14 at 3.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III.    Discussion

As petitioner's final removal order was reinstated and he was placed in "withholding-only" proceedings, he is detained under 8 U.S.C. § 1231(a). See 8 U.S.C. § 1231(a)(5); Johnson v. Guzman Chavez, 594 U.S. 523, 530-32 (2021) (detailing withholding-only procedures); Padilla-Ramirez v. Bible, 882 F.3d 826, 832 (9th Cir. 2017) (holding that reinstated removal orders are administratively final for purposes of detention, even if there are ongoing withholding-only proceedings). Noncitizens who have final removal orders "shall" be detained for the first 90 days after their removal orders are finalized (known as the "removal period"), 8 U.S.C. § 1231(a)(2), and "may be detained beyond the removal period," id., § 1231(a)(6).

The presumptively reasonable timeframe for detaining a noncitizen is six months after issuance of a final removal order. Zadvydas, 533 U.S. at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Id.

Respondents acknowledge that on April 16, 2026, the date they filed their opposition to the petition, petitioner's detention was four days away from exceeding the presumptively reasonable six-month period established in Zadvydas. As of the filing date of these findings and recommendations, petitioner's detention has exceeded that presumptively reasonable period. Respondents nevertheless argue petitioner is not entitled to relief under Zadvydas because the

3

first amended petition did not meet the burden to show therein that his removal is not reasonably foreseeable. (ECF No. 16 at 4-5.)

In reply, petitioner argues the statutory basis for the detention was unknown at the time he filed the first amended petition and points to the request for relief in the petition for respondent to provide that information. (ECF No. 17 at 2.) He argues he should not be penalized for not knowing the grounds upon which the government was asserting the right to detain him, or for not being able to convey that information to counsel in the short time after counsel's appointment. (Id.)

Petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," Zadvydas, 533 U.S. at 701, given the procedural posture of his withholding-only proceedings with a hearing date scheduled for June 8, 2026, before which he cannot be removed, and after which other delays are likely to occur, as set forth below. "A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future." Rodriguez v. Warden, Golden State Annex Det. Facility, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026). Although respondents acknowledged petitioner's detention would exceed the presumptively reasonable six-month period on April 20, 2026, and clearly anticipated his Zadvydas arguments on that basis, they did not put forth anything in the record to indicate there is any reason to believe he will be removed in the reasonably foreseeable future.

Respondents provide no information, for example, about how long it could take to identify a new country, receive approval from that country, and obtain travel documents for petitioner in the event he is granted withholding of removal. In such a situation, petitioner argues, he has no ties to any other country and removal to a third country would likely be subject to delay for challenge. (ECF No. 17 at 5-6.) Moreover, any such timeline would be extended further if petitioner raised a fear-based claim for removal to that newly identified country. See Vishal, 811 F. Supp. 3d at 1185 (rejecting as insufficient generalizations regarding the likelihood of third country removal upon granting of withholding).

4

In the other possible scenario, if petitioner is not granted withholding, petitioner indicates he will appeal and argues and submits evidence that appeals from the immigration court to the Board of Immigration Appeals typically take months, while proceedings in the Ninth Circuit can take longer. (ECF No. 17 at 5-6; ECF No. 17-3.) On this record, the undersigned finds petitioner's removal is not reasonably foreseeable, regardless of any possible outcome of the June 8, 2026, hearing. See A.A.M., Petitioner, v. TONYA ANDREWS et. al., Respondents, No. 1:25-CV-01514-DC-DMC (HC), 2026 WL 1099063, at *7 (E.D. Cal. Apr. 21, 2026) (finding the petitioner's removal was not reasonably foreseeable where the government provided no evidence of the timeline for how long it could take to identify a new country in the event withholding was granted, and no evidence how long it would take to remove the petitioner in the event withholding was denied).

To any extent respondents would argue petitioner has not shown he is stuck in "removable-but-unremovable limbo," Prieto-Romero v. Clark, 534 F.3d 1053, 1063 (9th Cir. 2008), because withholding could be denied and he has not alleged no third country will accept him, the undersigned rejects the notion. Zadvydas rejected the argument that a noncitizen must "show that deportation will prove 'impossible'" or "show the absence of any prospect of removal—no matter how unlikely or unforeseeable." Zadvydas, 533 U.S. at 702.

Accordingly, the undersigned finds petitioner's continued detention is no longer authorized by 8 U.S.C. § 1231(a) and that he should be released on appropriate conditions. See 8 U.S.C. § 1231(a)(3) ("If the [non-citizen] does not leave or is not removed within the removal period, the [non-citizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."); 8 C.F.R. § 241.5 (conditions for release after removal period). While the parties dispute the nature and extent of petitioner's criminal history, respondents do not argue he is a danger to the community or flight risk. Regardless, any such concerns can be addressed through the conditions of supervision imposed on petitioner's release. See Thai v. Ashcroft, 366 F.3d 790, 797 (9th Cir. 2004); Vishal, 811 F. Supp. 3d at 1186.

////

////

**IV.     Recommendation**

In accordance with the above, IT IS RECOMMENDED as follows:

1.  Petitioner JOSE AVILA VARELA'S (A-094-301-240) application for a writ of habeas corpus under 28 U.S.C. § 2241 be granted.

2.  Respondents be ordered to immediately release petitioner from custody subject to reasonable terms of supervision as set forth in 8 U.S.C. § 1231(a)(3), 8 C.F.R. § 241.5.

3.  The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vare1869.mer

6